IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE YANICK AINA, | : | |
|     Plaintiff, | : | 1:17-cv-2270 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN RICHARD C. SMITH, *et al.*, | : | |
| | : | |
|     Defendants. | : | |

## **MEMORANDUM**

### **March 9, 2018**

Andre Yanick Aina ("Plaintiff"), at all relevant times, an inmate incarcerated at the Centre County Correctional Facility ("CCCF"), Bellefonte, Pennsylvania, filed this civil rights action on December 11, 2017, pursuant to 42 U.S.C. § 1983 alleging, *inter alia,* deprivation of equal rights and due process violations. (Docs. 1, 1-1, 1-2). The named Defendants include the CCCF's warden and various correctional facility employees and medical staff, the district attorney of Centre County, several assistant district attorneys, a deputy attorney general and two Pennsylvania State Police ("PSP") officers. (*Id.* at p. 2).

Plaintiff seeks to proceed *in forma pauperis*. (Docs. 2, 7). A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C.

§1915(e)(2)(B)(ii). For the reasons set forth below, the Court concludes that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I. **STANDARDS OF REVIEW**

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir.2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or

3

"extravagantly fanciful." *Iqbal*, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.     ALLEGATIONS OF THE COMPLAINT

Plaintiff, a pretrial detainee at the time, identifies the "date and time of incident(s)" that are the subject of his complaint, as May 15, 2015, May 24, 2015, May 25, 2015 and October 11, 2015, and the locations of the incidents as the "Restricted Housing Unit (RHU A1 ) Units B1 and B2" at the CCCF. (Doc. 1-1, p. 3). He alleges that he received inadequate medical care following a May 14, 2015 ankle injury suffered while in the recreation yard. (*Id.* at pp. 3-5). He also alleges that, on May 24, 2014, despite warnings that he "had a problem" with Inmate Tayshawn Quivers ("Quivers"), corrections officers placed him in a cell with Quivers. (*Id.* at 5). Quivers immediately attacked him. (*Id.* at 5-7). Injury to his left eye required transport to the local hospital. (*Id.*). Upon his return on Mary 25, 2015, he was housed with a federal inmate. (*Id.* at 7). There are no allegations concerning the October 11, 2015 incident.

Plaintiff also alleges that Pennsylvania State Troopers pulled him over on April 8, 2015, and "gave knowingly false testimony." (Doc. 1-2, p. 2).

4

He seeks declaratory relief and punitive damages. (Doc. 1-1, p. 9).

## III. DISCUSSION

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under 28 U.S.C. § 1915(e)(2) a *pro se* civil rights claim whose untimeliness is apparent from the face of the complaint. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (holding if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

The statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 is subject to the statute of limitations applicable to personal injury tort claims in the state in which such a claim arises. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009). Plaintiff's claim arose in Pennsylvania; thus, the applicable statute of limitations is Pennsylvania's two-year

statute of limitations for personal injury actions. 42 PA.CONS.STAT.ANN. § 5524(2).

The statute of limitations period accrues when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action. *See Garvin v. City of Phila.*, 354 F.3d 215 (3d Cir. 2003); *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). The date on which a prisoner action is commenced is the date on which the complaint is delivered to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date). Some courts have extended the *Houston* doctrine to consider the date a prisoner signed the pleading as the date he officially handed it to prison officials. *See Henderson v. Frank*, 155 F.3d 159, 163–64 (3d Cir.1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).

Although Plaintiff signed his complaint on October 15, 2017, the mailing envelope bears a December 7, 2017 United States Postal Service stamp. (Doc. 1, pp. 6, 7). The passage of almost two months between the date of execution of the complaint and the mailing date strains the bounds of credulity. However, even if the date of execution is utilized, the complaint is still untimely. Plaintiff did not

execute the complaint until October 15, 2017, four days after the expiration of the statute of limitations applicable to the October 11, 2015 incident. Consequently, the complaint is barred by the statute of limitations.

Further, the facts of the case reveal that Pennsylvania's tolling exceptions are unavailable to Plaintiff. "Under Pennsylvania tolling principles, the statute is tolled until 'plaintiffs knew or using reasonable diligence should have known of the claim.' *Urland v. Merrell-Dow Pharmaceuticals, Inc.,* 822 F.2d 1268, 1272 (3d Cir. 1987). '[T]he Supreme Court of [Pennsylvania] views tolling of the statute of limitations in terms of the 'knew or should have known' standard whether the statute is tolled because of the discovery rule or because of fraudulent concealment.' Id. at 1273." *Vernau v. Vic's Mkt., Inc.,* 896 F.2d 43, 46 (3d Cir. 1990)

The "discovery rule 'tolls the limitations period until the plaintiff learns of his cause of action or with reasonable diligence could have done so' and 'is an exception to the usual principle that the statute of limitations begins to run immediately upon accrual regardless of whether or not the injured party has any idea what has happened to him.' *William A. Graham Co. v. Haughey (Graham II),* 646 F.3d 138, 141, 150 (3d Cir. 2011)." *Stephens v. Clash*, 796 F.3d 281, 284 (3d Cir. 2015). Plaintiff's case, however, differs from cases in which the discovery

rule has been applied. *See e.g., Acker v. Palena*, 260 Pa. Super. 214, 393 A.2d 1230 (1978) (finding the rule applied in a case where physician concealed an injury and offered assurances that the injury would resolve with the passage of time); *Anthony v. Koppers*, 284 Pa. Super. 81, 425 A.2d 428 (1980) (statute begins to run when plaintiff or plaintiff's decedent first had reason to learn that death of plaintiff's decedent may have been caused by occupational exposure to emissions from defendant's coke ovens). Plaintiff immediately know of his injuries, knew of the operative causes of the injuries, and knew of the relationship between the causes and the injuries.

Nor can he argue that the statute should be tolled because he was not aware of the severity of his injuries until some future date. "This proposition has never been accepted to toll the statute of limitations in Pennsylvania. To satisfy the requirement that plaintiff know, or through the exercise of reasonable diligence should know of the injury, a plaintiff need only know of its existence. See Petri, *supra*, 453 A.2d at 346 ("Although [plaintiff] was not immediately aware of the nature or extent of the damage, [the fact of the injury] was obvious.")" *Cardone v. Pathmark Supermarket*, 658 F. Supp. 38, 40 (E.D. Pa. 1987).

The fraudulent concealment exception allows tolling of the statute of limitations where "through fraud or concealment the defendant causes the plaintiff

to relax his vigilance or deviate from the right of inquiry." *Ciccarelli v. Carey Can. Mines, Ltd.*, 757 F.2d 548, 556 (3d Cir.1985). Clearly this exception is inapplicable to the facts of Plaintiff's case.

## IV. <u>LEAVE TO AMEND</u>

Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108, 114 (3d Cir. 2002). In this case, it is clear that allowing Plaintiff leave to amend with regard to the April and May incidents would be futile as the claims are clearly barred by the statute of limitations and no tolling exceptions are available to Plaintiff. However, because there are no allegations concerning the alleged October 15, 2015 incident, out of an abundance of caution, Plaintiff will be afforded the opportunity to amend.

## V. <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's complaint (Docs. 1, 1-1, 1-2) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will issue.